UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

PAIGE RADKE,

    Plaintiff,

    vs.                                          Case No.

CITY OF WAUWATOSA and

JOHN DOES 1-10, in their individual capacities,

    Defendants.

---

NOW COMES the Plaintiff, Paige Radke, by her attorneys, Sperling Law Offices LLC, by Attorney Michael S. Sperling and Attorney Patrick D. Bomhack, and as and for her complaint alleges and shows to the Court as follows:

## NATURE OF THE CLAIM

1. Plaintiff, Paige Radke brings this civil rights action pursuant to 42 U.S.C §1983. Plaintiff seeks damages for injuries sustained as a result of Defendants' violations of her constitutional rights.

2. This case arises from the City of Wauwatosa's Proclamation of Emergency on September 30, 2020, unilaterally and unlawfully made by City of Wauwatosa Mayor Dennis McBride in anticipation of civil unrest following the release of the Milwaukee County District Attorney's findings in the matter of Wauwatosa Police Officer Joseph Mensah's killing of Alvin Cole. The Mayor's Order gave rise to the Wauwatosa Police Department's response, which included the mobilization of numerous additional law enforcement agencies, under the supervision of and coordination with the Defendant, City of Wauwatosa.

3. On the evening of October 9th, 2020, the Plaintiff was among a crowd of protesters that marched westward along North Ave, chanting and singing political songs. As the protesters moved, the Wauwatosa Police Department and additional agencies began to close and block points of egress for the protesters, a tactic known colloquially as "kettling". This kettling began first by blocking the protesters points of egress to the north and south along Wauwatosa Ave, and was then completed by blocking the protesters path west along North Ave. With no way to proceed along their route, the protesters stood in place on North Ave while the line of Police advanced upon them from the north, south, and west. The Wauwatosa Police Department issued a dispersal order, and then shortly thereafter opened fire on the crowd of protesters, including the Plaintiff, with "less than lethal" weaponry and chemical agents, including tear gas or a similar agent.

4. The Plaintiff was subjected to chemical agents, as well as shot in the right ankle and foot by a "less than lethal" munition, by the Wauwatosa Police Department and additional assisting agencies. The Plaintiff was subjected to this force without cause and with limited ability to comply with the dispersal order, in violation of the Plaintiff's Fourth Amendment rights against the excessive use of force, and the Plaintiff's First Amendment right to freedom of speech, association and assembly. This excessive force and unconstitutional constraint on the Plaintiff's civil and constitutional rights resulted in physical injuries and emotional distress.

## JURISDICTION AND VENUE

5. This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331(a) and 1343, the First and Fourth Amendments to the United States Constitution and over the parties pursuant to 28 U.S.C. § 1391(b) because this action arises from the commission of tortious acts within the State of Wisconsin, by residents of the State of Wisconsin.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

7. Venue is proper in the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §1391(b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action on every one of her claims.

## PARTIES TO THIS COMPLAINT

9. Plaintiff, Paige Radke, is a citizen of the United States, and is and was at all times relevant herein a resident of the City of Milwaukee, County of Milwaukee, State of Wisconsin, living at 626 E Kilbourn Avenue, 53202.

10. Defendant, City of Wauwatosa, is a municipal corporation located at 7725 W North Ave, Wauwatosa, WI 53213, authorized under and created by the laws of the State of Wisconsin. It is authorized by law to maintain and operate a Police Department. Through its agents, supervisors, operating officers, Council, Departments, Commissions, Boards and Committees, its high-level policy makers, Defendant City of Wauwatosa establishes, promulgates, and implements the policies, customs, and practices of the City of Wauwatosa Police Department.

11. Defendants, John Does 1-10 are police officers in the Wauwatosa City Police Department, or other associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

## STATEMENTS OF FACT

12. Following the killing of George Floyd, an unarmed black man, by the City of Minneapolis Police Department on May 25, 2020, Wauwatosa began to experience frequent protests calling for reform of policing in the United States. The focus of the protests in Wauwatosa was an officer involved shooting that occurred in February of 2020. As of September 30, 2020, this officer-involved shooting was under review by the Milwaukee County District Attorney's office. From at least May 25, 2020, it was the custom and practice of the City of Wauwatosa Police Department and its individual officers to use chemical weapons and "less than lethal" weaponry against peaceful protesters.

13. On September 30, 2020, Dennis McBride, acting in his official capacity as Mayor of the City of Wauwatosa, unlawfully and without cause pursuant to Sec. 323.14, Wis. Stats., signed a "Proclamation of Emergency" for the City of Wauwatosa which enacted a curfew restricting "pedestrian and vehicular traffic on Wauwatosa streets" from 7:00 p.m. to 6:00 a.m., to commence on October 7, 2020 and continue to October 12, 2020.

14. This proclamation was made more than a week before any protests were held. At the time of the proclamation, Mayor McBride and the City of Wauwatosa had no basis to declare any assembly unlawful.

15. On or about October 6 or 7, 2020, approximately a full week after the execution of this order, Mayor McBride made this proclamation public. The timing of this publication coincided with the release of the Milwaukee County District Attorney's office findings related to the officer-involved shooting in February of 2020.

16. On October 9, 2020, Plaintiff Radke took part in a peaceful political demonstration that involved marching, chanting, and singing along Wauwatosa City streets. Plaintiff Radke arrived at the demonstration outside of Wauwatosa City Hall at approximately 6:55 p.m., prior to the commencement of the curfew.

17. At approximately 7:45 p.m., the demonstrators, including Plaintiff Radke, stopped a reasonable distance away from a police line and began to sing. The protests were non-confrontational and were a peaceful assembly of demonstrators engaged in political speech.

18. At no time did Plaintiff Radke engage in any unlawful, dangerous, or destructive behavior. Plaintiff Radke did not see any destructive or unlawful behavior by any of her fellow demonstrators either.

19. At approximately 7:57 p.m., Plaintiff Radke walked away from the front line of demonstrators in order to evaluate which point of egress was available to her and the other protesters. It was at this time that she realized that all points of egress to the north, south, and west had been blocked by police lines.

20. By approximately 8:02 p.m., Plaintiff Radke returned to the front line of protesters as the police "closed the kettle" around them, blocking their path. At this time, a faint declaration of "unlawful assembly" could be heard coming from the police line. Plaintiff Radke expressed shock and disbelief that such an infringement on civil liberties could be legal in the United States. The crowd began to chant "Why are you in riot gear? I don't see no riot here". Plaintiff Radke once again wondered aloud where she and other protesters could disperse, and she once again noted that no dispersal route was available. The Defendants' did not allow for a safe route of egress for protesters to disperse, nor did the Defendants' give them the adequate time to do so.

21. At approximately 8:07 p.m., audible hissing was heard coming from the police line. Plaintiff Radke remarked that she believed the police line, including John Does 1-10, was about to deploy chemical agents against them. Immediately thereafter, and without any illegal or provocative act by Plaintiff Radke, or by any other demonstrator, the police lines rapidly closed distance in a semi-circle around the demonstrators. A demonstrator to Plaintiff Radke's left side was heard yelling "Please stop! Please stop! Don't shoot me! Please stop! Arrest me, don't shoot me!" As if on cue, the police line opened fire on the demonstrators, including Plaintiff Radke, with "less than lethal" munitions and deployed chemical agents against them.

22. Plaintiff Radke and the demonstrators began to rapidly fall back to escape the onslaught of munitions and chemical agents. The only route away from the risk of "less than lethal" munitions was downwind of the chemical agent that had been deployed against them. Plaintiff Radke and other nearby demonstrators could be heard coughing incessantly and struggling to breathe. Plaintiff Radke stated aloud; "They shot me in my foot!". By "they," Plaintiff Radke was referring to the Wauwatosa Police Department and/or other law enforcement agencies acting in concert with the Wauwatosa Police Department under agreements for mutual aid.

23. At the time Plaintiff Radke was shot, she was not engaged in any activity that threatened property, any police officer, or the safety of any other individual.

24. Once finally clear of the chemical agent, Plaintiff Radke was asked if she was okay by another demonstrator. The Plaintiff responded, "I think they broke my foot." By "they," Plaintiff Radke was referring to the Wauwatosa Police Department and/or other law enforcement agencies acting in concert with the Wauwatosa Police Department under agreements for mutual aid. The Plaintiff was then assisted by nearby demonstrators to a safer area, in order to evaluate her injuries. The assisting demonstrators then began to call for a medic.

25. After receiving what treatment she could from street medics, the Plaintiff was then evacuated by vehicle to Columbia St. Mary's Emergency Care for treatment of her injuries.

26. At all times herein; the policies, custom and practice, force and threat of force used by the Defendants, acting in concert, jointly and severally with the other defendants was unnecessary, excessive, and unreasonable.

27. The acts of the Defendants described herein, all while acting under color of law and pursuant to customs, policies, and/or customs and practices of the City of Wauwatosa through its police department, were unreasonable, excessive, and performed in violation of Plaintiff's constitutional rights against the use of excessive force and her right to freedom of speech, peaceful association and assembly, secured by the Fourth and First Amendments of the Constitution.

28. As a direct and proximate result of the acts and conduct of the Defendants described herein, Plaintiff sustained the following injuries and damages, among others:

    a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

    b. Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

    c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

    d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

    e. Deprivation of civil liberties and constitutional rights; and

    f. Medical and pharmaceutical expenses, as well as lost wages, past and future.

**CLAIMS**

**COUNT 1**

# 42 U.S.C. § 1983 – FOURTH AMENDMENT

## (Violation of the Plaintiff's Fourth Amendment Rights to be Free from Excessive Use of Force)

29. Plaintiff re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. Defendants' use of force against the Plaintiff was unjustified, excessive, and unreasonable.

31. Defendants' actions were taken in willful, wanton, reckless and malicious disregard of the Plaintiff's constitutional rights, for which the Plaintiff has suffered injury.

32. At all times herein, Plaintiff Radke did not harm anyone, and was not an imminent threat, nor any kind of threat to anyone or anything.

33. Plaintiff was not engaged in the commission of any crime for which the officers of any law enforcement agencies, including the Wauwatosa Police Department, were attempting to stop.

34. While acting under color of state law and the customs, practices, and policies of the City of Wauwatosa, the Defendants deprived the Plaintiff of her Fourth Amendment rights against the excessive use of force, for which the Plaintiff is entitled to damages proximately caused thereby. Plaintiff has sustained the following injuries and damages, among others:

    a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

    b. Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

e. Deprivation of civil liberties and constitutional rights; and

f. Medical and pharmaceutical expenses, as well as lost wages, past and future.

## COUNT 2

## 42 U.S.C. § 1983 – FIRST AMENDMENT

**(Violation of the Plaintiff's First Amendment Right to Freedom of Speech, Association, and Peaceful Assembly)**

35. Plaintiff re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. The customs, policies, and practice of the Defendant City of Wauwatosa, and its Mayor Dennis McBride and Police Chief Weber, of directing and ordering the unlawful emergency curfew and dispersal of people peacefully observing an assembly, or exercising their right to freedom of speech, association, or assembly, is unreasonable and unjustified and violated the Plaintiff's First Amendment rights to freedom of speech, association, and assembly.

37. Defendant City of Wauwatosa, and its Mayor Dennis McBride and Police Chief Weber, in implementing the customs, policies, and practice of ordering the emergency curfew and forceful dispersal of people peacefully observing or exercising their right to freedom of speech, association, and assembly, places the Plaintiff at continuing and foreseeable risk of being arrested, or otherwise harmed, for exercising their First Amendment right to freedom

of speech, association, and assembly and Fourth Amendment right against the excessive use of force.

38. Defendants' actions were taken in willful, wanton, reckless and malicious disregard of the Plaintiff's constitutional rights, for which the Plaintiff has suffered injury.

39. While acting under color of state law and the customs, policies, and/or practice of the City of Wauwatosa, the Defendants' police departments and agents deprived the Plaintiff of her First Amendment rights to freedom of speech, association, and assembly, for which the Plaintiff is entitled to damages proximately caused thereby. Plaintiff has sustained the following injuries and damages, among others:

   a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

   b. Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

   c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

   d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

   e. Deprivation of civil liberties and constitutional rights; and

   f. Medical and pharmaceutical expenses, as well as lost wages, past and future.

## COUNT 3

### 42 U.S.C. § 1983 – FIRST AMENDMENT

**(Retaliation in Violation of the Plaintiff's First Amendment Right to Freedom of Speech, Association and Peaceful Assembly)**

40. Plaintiff re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. Under color of state law, and/or the customs, policies, and practice of City of Wauwatosa, the officers of the Wauwatosa Police Department, or other officers of associated law enforcement agencies working under mutual aid agreements with the Wauwatosa Police Department, shot Plaintiff Radke with chemical agents and other "less than lethal" munitions in response to the content of her speech because it questioned police violence.

42. Defendants' actions constituted unlawful retaliation for the exercise of her First Amendment rights because they did not like the message against police violence in general and because it was directed against the conduct of one of their own colleagues who had killed three people in a five year time period.

43. Defendants exhibited an animus against the content of Plaintiff's message and utilized the force of the state against her in retaliation.

44. The customs, policies, and/or practices of the Defendants' cause a person of ordinary firmness, such as the plaintiff, to be chilled in the exercise of their constitutional right to freedom of speech, association, and assembly.

45. While acting under color of state law, and/or the customs, policies, and practice of City of Wauwatosa, the Defendants' police departments and agents deprived the Plaintiff of her First Amendment rights to freedom of speech, association, and assembly, for which the Plaintiff is entitled to damages proximately caused thereby. Plaintiff has sustained the following injuries and damages, among others:

a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendant's use of chemical agents against her body;

b. Physical injuries to her right ankle and foot, as a result of the Defendant's use of "less than lethal" munitions against her body;

c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

e. Deprivation of civil liberties and constitutional rights; and

f. Medical and pharmaceutical expenses, as well as lost wages, past and future.

## RELIEF REQUESTED

WHEREFORE, The Plaintiff respectfully demands relief, jointly and severally against all Defendants, as follows:

a. Compensatory damages for the physical, emotional, and economic injuries suffered by the Plaintiff by reason of the Defendants' unconstitutional, unjustified, excessive, and unreasonable actions and policies, in an amount fair, just, and reasonable and in conformity with the evidence at trial;

b. Punitive and exemplary damages to the extent allowable by law;

c. Attorneys fees and costs as allowed, pursuant to 42 U.S.C. §1988; and

d. Such other and further relief as appears just and proper.

13

Dated this 24th day of February, 2021

SPERLING LAW OFFICES LLC

Attorneys for Plaintiff

*/s/ Michael S. Sperling*
*/s/ Patrick D. Bomhack*

Michael S. Sperling
State Bar ID #1005133
msperling@milwaukeelawfirm.com

Patrick D. Bomhack
State Bar ID # 1087305
pbomhack@milwaukeelawfirm.com

P.O. Address:

100 E. Wisconsin Avenue
Suite 1020
Milwaukee, WI 53202
Tel: (414) 273-7100
Fax: (414) 276-9022