UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

PAIGE RADKE,

     Plaintiff,

     vs.                                  Case No. 21-CV-00247

CITY OF WAUWATOSA,
CITY OF WEST ALLIS,
JACOB KAYE, in his individual capacity,
DENNIS MCBRIDE, in his individual capacity,
BARRY WEBER, in his individual capacity,
LUKE VETTER, in his individual capacity,
SHANE WRUCKE, in his individual capacity,
CHRIS MCATEE, in his individual capacity, and
JOHN DOES 1-10, in their individual capacities,

     Defendants.

---

## AMENDED COMPLAINT

---

NOW COMES the Plaintiff, Paige Radke, by her attorneys, Sperling Law Offices LLC, by Attorneys Michael S. Sperling and Patrick D. Bomhack, and as and for her Amended Complaint alleges and shows to the Court as follows:

### NATURE OF THE CLAIM

1. Plaintiff, Paige Radke brings this civil rights action pursuant to 42 U.S.C §1983. Plaintiff seeks damages for injuries sustained as a result of Defendants' violations of her constitutional rights.

2. This case arises from the City of Wauwatosa's Proclamation of Emergency on September 30, 2020, unilaterally and unlawfully made by City of Wauwatosa Mayor Dennis McBride in anticipation of civil unrest following the release of the Milwaukee County District Attorney's

1

findings in the matter of Wauwatosa Police Officer Joseph Mensah's killing of Alvin Cole. The Mayor's Order gave rise to the Wauwatosa Police Department's response, which included the implementation of an Operations Plan, and the mobilization of numerous additional law enforcement agencies, including Defendant City of West Allis, under the supervision of and coordination with the Defendant, City of Wauwatosa.

3. On the evening of October 9th, 2020, the Plaintiff was among a crowd of protesters that marched westward along North Ave, chanting and singing political songs. As the protesters moved, the Wauwatosa Police Department and additional agencies began to close and block points of egress for the protesters, a tactic known colloquially as "kettling" and/or "herding". This kettling began first by blocking the protesters points of egress to the north and south along Wauwatosa Ave, and was then completed by blocking the protesters path west along North Ave. With their freedom of movement restrained, the protesters stood in place on North Ave while the line of Police advanced upon them from the north, south, and west. The Wauwatosa Police Department issued a dispersal order, and then shortly thereafter, Defendants Wrucke and McAtee, in conjunction with and with explicit permission and/or orders from Defendant Vetter, issued an order to open fire on the crowd of protesters, including the Plaintiff, with "less than lethal" weaponry and chemical agents, including tear gas or a similar agent.

4. The Plaintiff was subjected to chemical agents, as well as shot in the right ankle and foot by a "less than lethal" munition, by an officer(s) of the Wauwatosa Police Department and/or West Allis Police Department (including Defendant Jacob Kaye) and/or additional assisting agency. The Plaintiff was subjected to this force without cause and with limited ability to comply with the dispersal order, in violation of the Plaintiff's First Amendment right to

2

freedom of speech, association, and assembly, First Amendment right to be free from retaliation, Fourth Amendment and Fourteenth Amendment right against the use of excessive force, and Fourteenth Amendment right to due process. This excessive force and unconstitutional constraint on the Plaintiff's civil and constitutional rights resulted in physical injuries and emotional distress.

5. Plaintiff seeks to hold Defendants accountable for repeated violations of constitutional rights. Defendants' actions, while unconstitutional in any context, are even more pernicious here because the use of excessive force specifically targeted peaceful demonstrators who assembled to protest police violence and brutality.

## JURISDICTION AND VENUE

6. This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331(a) and 1343, the First, Fourth, and Fourteenth Amendments to the United States Constitution and over the parties pursuant to 28 U.S.C. § 1391(b) because this action arises from the commission of tortious acts within the State of Wisconsin, by residents of the State of Wisconsin. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

7. Venue is proper in the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §1391(b)(2), in that this is the judicial district in which the events giving rise to the claim occurred, and all Defendants reside within this District.

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action on every one of her claims.

3

## PARTIES TO THIS COMPLAINT

9. Plaintiff, Paige Radke, is a citizen of the United States, and is and was at all times relevant herein a resident of the City of Milwaukee, County of Milwaukee, State of Wisconsin, living at 626 E Kilbourn Avenue, 53202.

10. Defendant, City of Wauwatosa, is a municipal corporation located at 7725 W North Ave, Wauwatosa, WI 53213, authorized under and created by the laws of the State of Wisconsin. It is authorized by law to maintain and operate a Police Department. Through its agents, supervisors, operating officers, Council, Departments, Commissions, Boards and Committees, its high-level policy makers, Defendant City of Wauwatosa establishes, promulgates, and implements the customs, policies and practices of the City of Wauwatosa Police Department.

11. Defendant, City of West Allis, is a municipal corporation located at 7525 W Greenfield Ave, West Allis, WI 53214, authorized under and created by the laws of the State of Wisconsin. It is authorized by law to maintain and operate a Police Department. Defendant City of West Allis, at the behest of Defendant City of Wauwatosa and in response to its request for mutual aid, provided material support for the City of Wauwatosa's Operations Plan against the protesters, including but not limited to committing its officers, agents, and resources to the effectuation of the Operations Plan. The City of West Allis employs officers and agents, including but not limited to Defendant Jacob Kaye, who are materially responsible for the seizure and injures of the Plaintiff through the use of unreasonable and excessive force, among other Constitutional violations.

12. Upon information and belief, Defendant, Jacob Kaye, at all times pertinent to the subject matter of this litigation, is and was a Citizen of the United States, and a resident of the State

of Wisconsin, County of Milwaukee, City of West Allis, residing at 2901 South 71st Street, Milwaukee, WI, 53219. At all times pertinent, Defendant Kaye was acting under color of law in his official capacity as an officer with the City of West Allis Police Department while providing assistance to the Wauwatosa Police Department under an agreement for mutual aid. Pursuant to the policies, customs, and practices established by the City of West Allis and/or the City of Wauwatosa, and/or pursuant to the orders from Defendants McBride, Weber, Vetter, Wrucke, and McAtee, and/or based upon his own initiative, Defendant Kaye deployed unreasonable and excessive force against protesters, including the Plaintiff.

13. Upon information and belief, Defendant, Dennis McBride, at all times pertinent to the subject matter of this litigation, is and was a Citizen of the United States, and a resident of the State of Wisconsin, County of Milwaukee, City of Wauwatosa, residing at 7003 Cedar Street, Wauwatosa, WI, 53213. At all times pertinent, Defendant McBride was acting under color of law in his official capacity as the mayor of the City of Wauwatosa and in his official capacity was responsible for the oversight and implementation of policies, uses, customs, and practices for the City of Wauwatosa and its tertiary agencies.

14. Upon information and belief, Defendant, Barry Weber, at all times pertinent to the subject matter of this litigation, is and was a Citizen of the United States, and a resident of the State of Wisconsin, County of Washington, Village of Germantown, residing at W157 N9925 Bayberry Cir, Germantown, WI 53022. At all times pertinent herein, Defendant Weber was acting under color of law in his official capacity as the Chief of Police for the City of Wauwatosa, and in his official capacity was responsible for the oversight and implementation of policies, uses, customs, and practices for the City of Wauwatosa Police Department and

for assisting law enforcement agencies in their capacity of providing assistance to the Wauwatosa Police Department under an agreement for mutual aid.

15. Upon information and belief, Defendant, Luke Vetter, at all times pertinent to the subject matter of this litigation, is and was a Citizen of the United States, and a resident of the State of Wisconsin, County of Waukesha, City of Brookfield, residing at 16020 Cathy Ann Lane, Brookfield, WI 53005.  At all times pertinent herein, Defendant Vetter was acting under color of law in his official capacity as a captain with the City of Wauwatosa Police Department and was principally responsible for the creation and execution of the Operations Plan for the City of Wauwatosa Police Department. This Operations Plan, along with the orders given during its implementation, created a policy, use, custom, or practice for the use of unreasonable and excessive force on the Plaintiff and other peaceful protesters, including the use of chemical agents and less than lethal munitions.

16. Upon information and belief, Defendant, Shane Wrucke, at all times pertinent to the subject matter of this litigation, is and was a Citizen of the United States, and a resident of the State of Wisconsin, County of Waukesha, City of Pewaukee, residing at N25 W27017 Lauren Court.  At all times pertinent herein, Defendant Wrucke was acting under color of law in his official capacity as a Lieutenant with the City of Wauwatosa Police Department, and was principally responsible for the Tactical Operations elements of the Operations Plan for the City of Wauwatosa Police Department. Defendant Wrucke, pursuant to the policy, custom, and practices established by Defendants, and in conjunction with other Defendants, ordered the use of unreasonable and excessive force on the Plaintiff and other peaceful protesters, including the use of chemical agents and "less than lethal" munitions.

6

17. Upon information and belief, Defendant, Chris McAtee, at all times pertinent to the subject matter of this litigation, is and was a Citizen of the United States, and a resident of the State of Wisconsin, County of Waukesha, City of Oconomowoc, residing at 515 Bolson Drive, Oconomowoc, WI 53066. At all times pertinent herein, Defendant McAtee was acting under color of law in his official capacity as a Sergeant with the City of Wauwatosa Police Department and was principally responsible for the Crowd Control elements of the Operations Plan for the City of Wauwatosa Police Department. Defendant McAtee, pursuant to the policy, custom, and practices established by Defendants, ordered the use of unreasonable and excessive force on the Plaintiff and other peaceful protesters, including the use of chemical agents and less than lethal munitions.

18. Defendants, John Does 1-10 are police officers in the Wauwatosa City Police Department, or other associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

## STATEMENTS OF FACT

19. Following the killing of George Floyd, an unarmed black man, by the City of Minneapolis Police Department on May 25, 2020, Wauwatosa began to experience frequent protests calling for reform of policing in the United States. The focus of the protests in Wauwatosa was an officer involved shooting that occurred in February of 2020. As of September 30, 2020, this officer-involved shooting was under review by the Milwaukee County District Attorney's office. From at least May 25, 2020, it was the custom and practice of the City of Wauwatosa Police Department and its individual officers to use chemical weapons and "less than lethal" weaponry against peaceful protesters.

20. On September 30, 2020, Dennis McBride, acting in his official capacity as Mayor of the City of Wauwatosa, unlawfully and without cause pursuant to Sec. 323.14, Wis. Stats., signed a "Proclamation of Emergency" for the City of Wauwatosa which enacted a curfew restricting "pedestrian and vehicular traffic on Wauwatosa streets" from 7:00 p.m. to 6:00 a.m., to commence on October 7, 2020 and continue to October 12, 2020.

21. This proclamation was made more than a week before any protests were held. At the time of the proclamation, Mayor McBride and the City of Wauwatosa had no basis to declare any assembly unlawful.

22. On or about October 6 or October 7, 2020, approximately a full week after the execution of this order, Mayor McBride made this proclamation public. The timing of this publication coincided with the release of the Milwaukee County District Attorney's office findings related to the officer-involved shooting in February of 2020.

23. On October 9, 2020, Plaintiff Radke took part in a peaceful political demonstration that involved marching, chanting, and singing along Wauwatosa City streets. Plaintiff Radke arrived at the demonstration outside of Wauwatosa City Hall at approximately 6:55 p.m., prior to the commencement of the curfew.

24. At approximately 7:45 p.m., the demonstrators, including Plaintiff Radke, stopped a reasonable distance away from a police line and began to sing. The protests were non-confrontational and were a peaceful assembly of demonstrators engaged in political speech.

25. At no time did Plaintiff Radke engage in any unlawful, dangerous, or destructive behavior. Plaintiff Radke did not see any destructive or unlawful behavior by any of her fellow demonstrators either.

26. At approximately 7:57 p.m., Plaintiff Radke walked away from the front line of demonstrators in order to evaluate which point of egress was available to her and the other protesters. It was at this time that she realized that certain points of egress to the north, south, and west had been blocked by police lines.

27. By approximately 8:02 p.m., Plaintiff Radke returned to the front line of protesters as the police "closed the kettle" around them, blocking their path. At this time, a faint declaration of "unlawful assembly" could be heard coming from the police line. Plaintiff Radke expressed shock and disbelief that such an infringement on civil liberties could be legal in the United States. The crowd began to chant "Why are you in riot gear? I don't see no riot here". Plaintiff Radke once again wondered aloud where she and other protesters could disperse, and she once again noted that no dispersal route was and/or appeared to be available. The Defendants' did not allow for a safe route of egress for protesters to disperse, nor did the Defendants' give them the adequate time to do so.

28. At approximately 8:05 p.m., Defendants Wrucke and McAtee received explicit permission and/or orders from Defendant Vetter to order the deployment of chemical agents and less lethal munitions on the crowd. Defendants McAtee and Wrucke then gave the order to use chemical agents and less lethal munitions against the crowd via radio to their deployed field teams.

29. At approximately 8:07 p.m., audible hissing was heard coming from the police line. Plaintiff Radke remarked that she believed the police line, including John Does 1-10, was about to deploy chemical agents against them. Immediately thereafter, and without any illegal or provocative act by Plaintiff Radke, or by any other demonstrator, the police lines rapidly closed distance in a semi-circle around the demonstrators. A demonstrator to Plaintiff

Radke's left side was heard yelling "Please stop! Please stop! Don't shoot me! Please stop! Arrest me, don't shoot me!" As if on cue, the police line opened fire on the demonstrators, including Plaintiff Radke, with "less than lethal" munitions and deployed chemical agents against them.

30. Upon information and belief, an officer(s) of the Wauwatosa Police Department and/or West Allis Police Department and/or additional assisting agency, including Jacob Kaye and/or John Does 1-10, deployed multiple canisters of smoke and chemical gas into the crowd with wanton disregard for the safety, health or wellbeing of those protesters. Said officer(s) also: targeted protesters including Plaintiff with "less than lethal" munitions; issued no warning of the impending use of force; and made no attempts to protect the safety, health, or wellbeing of individuals simply standing in the same direction of their targets. In doing so, said officer(s) exhibited a careless disregard for the safety, health, and wellbeing of the protesters, and subjected persons such as Plaintiff to unnecessary, unreasonable, and excessive force.

31. Plaintiff Radke and the demonstrators began to rapidly fall back to escape the onslaught of munitions and chemical agents. The only route away from the risk of "less than lethal" munitions was downwind of the chemical agent that had been deployed against them. Plaintiff Radke and other nearby demonstrators could be heard coughing incessantly and struggling to breathe. Plaintiff Radke stated aloud; "They shot me in my foot!". By "they," Plaintiff Radke was referring to the Wauwatosa Police Department and/or other law enforcement agencies acting in concert with the Wauwatosa Police Department under agreements for mutual aid.

32. Defendants intentionally terminated or restrained Plaintiff's freedom of movement by applying excessive physical force (including the use of "less than lethal" munitions and

chemical agents) and by using techniques such as "kettling," "herding," line formation, intimidation, and/or other means. In doing so, Defendants seized Plaintiff.

33. At the time Plaintiff Radke was shot, she was not engaged in any activity that threatened property, any police officer, or the safety of any other individual. Plaintiff Radke made no attempts to tamper with a deployed chemical agent canister, nor did the Plaintiff issue any threat or exhibit any behavior that would lead a reasonable officer to believe she was a threat.

34. Once finally clear of the chemical agent, Plaintiff Radke was asked if she was okay by another demonstrator. The Plaintiff responded, "I think they broke my foot." By "they," Plaintiff Radke was referring to the Wauwatosa Police Department and/or other law enforcement agencies acting in concert with the Wauwatosa Police Department under agreements for mutual aid. The Plaintiff was then assisted by nearby demonstrators to a safer area, in order to evaluate her injuries. The assisting demonstrators then began to call for a medic.

35. After receiving what treatment she could from street medics, the Plaintiff was then evacuated by vehicle to Columbia St. Mary's Emergency Care for treatment of her injuries.

36. At all times herein; the policies, custom and practice, force and threat of force used by the Defendants, acting in concert, jointly and severally with the other defendants was unnecessary, excessive, and unreasonable.

37. The acts of the Defendants described herein, all while acting under color of law and pursuant to customs, policies, and/or customs and practices of the City of Wauwatosa through its police department, were unreasonable, excessive, and performed in violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments.

38. As a direct and proximate result of the acts and conduct of the Defendants described herein, Plaintiff sustained the following injuries and damages, among others:

   a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

   b. Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

   c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

   d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

   e. Deprivation of civil liberties and constitutional rights;

   f. Medical and pharmaceutical expenses, as well as lost wages, past and future;

   g. and other non-economic damages, economic damages, and compensatory and special damages.

## CLAIMS FOR RELIEF

**COUNT 1**
**42 U.S.C. § 1983**
**First Amendment Violation – Freedom of Speech, Association and Peaceful Assembly**

39. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

40. At all times relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as officers of the City of Wauwatosa, Wauwatosa Police Department, City of West Allis, West Allis

12

Police Department, or other associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

41. Defendants are "persons" under 42 U.S.C. § 1983.

42. By gathering to protest police brutality, Plaintiff was engaged in expression protected by the First Amendment.

43. The actions of Defendants – specifically, the use of excessive force against peaceful protesters such as the Plaintiff – can be expected to chill a reasonable person from engaging in activity protected by the First Amendment.

44. Plaintiff's expression was on a matter of public concern and did not violate any law.

45. Plaintiff's expression occurred at a traditional public forum.

46. The actions of Defendants were a content-based and/or viewpoint-based restriction of Plaintiff's expression.

47. The actions of Defendants were not a reasonable time, place, and manner restriction on speech.

48. Defendants failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights, and failed to stop unlawful acts.

49. At the time when Defendants stopped Plaintiff from speaking and gathering, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to gather, express herself, and speak freely. Any reasonable law enforcement officer knew or should have known of this clearly established right.

50. The customs, policies, and practice of Defendants, of directing, ordering, and enforcing the unlawful emergency curfew and dispersal of people peacefully observing an assembly, or exercising their right to freedom of speech, association, or assembly, is unreasonable and

unjustified and violated the Plaintiff's First Amendment rights to freedom of speech, association, and assembly.

51. Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

52. Defendants stopped Plaintiff from engaging in expressive activity in accordance with the customs, policies, and practices of Defendant City of Wauwatosa.

53. Defendant City of Wauwatosa has a custom, policy, or practice of tolerating violations of the First Amendment of the United States Constitution.

54. The actions of Defendants were authorized (before and during the fact), and ratified (after the fact), by final policymakers for Defendant City of Wauwatosa, including Defendants Dennis McBride, Barry Weber, Luke Vetter, Shane Wrucke, and Chris McAtee.

55. Defendant City of Wauwatosa's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

56. Defendants City of Wauwatosa and/or Dennis McBride and/or Barry Weber and/or Luke Vetter and/or Shane Wrucke and/or Chris McAtee failed to properly supervise and/or train its officers or the officers of associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

57. Defendants decided to corral the demonstrators by herding or "kettling" them, which decision deprived the Plaintiff of her constitutional rights.

58. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries, damages, and losses.

59. Plaintiff has sustained the following injuries, damages, and losses, among others:

a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

b. Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

e. Deprivation of civil liberties and constitutional rights;

f. Medical and pharmaceutical expenses, as well as lost wages, past and future;

g. and other non-economic damages, economic damages, and compensatory and special damages.

60. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

61. Defendants, in implementing the customs, policies, and practice of ordering the emergency curfew and forceful dispersal of people peacefully observing or exercising their right to freedom of speech, association, and assembly, places the Plaintiff at continuing and foreseeable risk of being arrested, or otherwise harmed, for exercising her First Amendment right to freedom of speech, association, and assembly; First Amendment right to be free from retaliation; Fourth Amendment and Fourteenth Amendment right against the use of excessive force; and Fourteenth Amendment right to due process.

**COUNT 2**
**42 U.S.C. § 1983**

15

**First Amendment Violation – Retaliation**

62. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

63. At all times relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as officers of the City of Wauwatosa, Wauwatosa Police Department, or other associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

64. Defendants are "persons" under 42 U.S.C. § 1983.

65. By gathering to protest police brutality, Plaintiff was engaged in expression protected by the First Amendment.

66. Defendants subjected Plaintiff to chemical agents and "less than lethal" munitions in response to the content of her speech because it questioned police violence.

67. Defendants' actions constituted unlawful retaliation for the exercise of her First Amendment rights because they did not like the message against police violence in general and because it was directed against the conduct of one of their own colleagues who had killed three people in a five year time period.

68. Defendants exhibited an animus against the content of Plaintiff's message and utilized the force of the state against her in retaliation.

69. The actions of Defendants – specifically, the use of excessive force against peaceful protesters such as the Plaintiff – can be expected to chill a reasonable person and/or a person of ordinary firmness from engaging in activity protected by the First Amendment.

70. Plaintiff's expression was on a matter of public concern and did not violate any law.

71. Plaintiff's expression occurred at a traditional public forum.

72. Defendants jointly and on their own accord responded to Plaintiff's First Amendment protected activity with retaliation, including but not limited to use of physical force, including chemical agents and "less than lethal" munitions.

73. By unlawfully using force against Plaintiff, Defendants sought to punish Plaintiff for exercising her First Amendment rights, to silence her, and to deter her from gathering and speaking in the future.

74. Defendants' retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

75. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of her First Amendment rights.

76. At the time when Defendants stopped Plaintiff from speaking and gathering, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to be free from retaliation. Any reasonable law enforcement officer knew or should have known of this clearly established right.

77. Defendants failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights, and failed to stop unlawful acts.

78. The customs, policies, and practice of Defendants, of directing, ordering, and enforcing the unlawful emergency curfew and dispersal of people peacefully observing an assembly, or exercising their right to freedom of speech, association, or assembly, is unreasonable and unjustified and violated the Plaintiff's First Amendment rights to be free from retaliation.

79. Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

80. Defendants stopped Plaintiff from engaging in expressive activity in accordance with the customs, policies, and practices of Defendant City of Wauwatosa.

81. Defendant City of Wauwatosa has a custom, policy, or practice of tolerating its officers' retaliatory violations of the First Amendment of the United States Constitution.

82. The actions of Defendants were authorized (before and during the fact), and ratified (after the fact), by final policymakers for Defendant City of Wauwatosa, including Defendants Dennis McBride, Barry Weber, Luke Vetter, Shane Wrucke, and Chris McAtee.

83. Defendant City of Wauwatosa's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

84. Defendants City of Wauwatosa and/or Dennis McBride and/or Barry Weber and/or Luke Vetter and/or Shane Wrucke and/or Chris McAtee failed to properly supervise and/or train its officers or the officers of associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

85. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries, damages, and losses.

86. Plaintiff has sustained the following injuries, damages, and losses, among others:

   a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

   b. Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

   c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

e. Deprivation of civil liberties and constitutional rights;

f. Medical and pharmaceutical expenses, as well as lost wages, past and future;

g. and other non-economic damages, economic damages, and compensatory and special damages.

87. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

88. Defendants, in implementing the customs, policies, and practice of ordering the emergency curfew and forceful dispersal of people peacefully observing or exercising their right to freedom of speech, association, and assembly, places the Plaintiff at continuing and foreseeable risk of being arrested, or otherwise harmed, for exercising her First Amendment right to freedom of speech, association, and assembly; First Amendment right to be free from retaliation; Fourth Amendment and Fourteenth Amendment right against the use of excessive force; and Fourteenth Amendment right to due process.

**COUNT 3**
**42 U.S.C. § 1983**
**Fourth Amendment Violation – Excessive Force**

89. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

90. At all times relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as officers of the City of Wauwatosa, Wauwatosa Police Department, City of West Allis, West Allis

19

Police Department, or other associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

91. Defendants are "persons" under 42 U.S.C. § 1983.

92. Plaintiff had a protected Fourth Amendment interest against being victimized by the use of excessive force at the hands of law enforcement personnel.

93. Defendants did not have, at any time, a legally valid basis to seize Plaintiff.

94. Defendants decided to corral the demonstrators by herding or "kettling" them, which decision deprived the Plaintiff of her constitutional rights.

95. Defendants unlawfully seized Plaintiff by terminating or restraining Plaintiff's freedom of movement through means intentionally applied, and/or by means of excessive physical force, including the use of "less than lethal" munitions and chemical agents.

96. Defendants had no warrant authorizing any seizure of Plaintiff.

97. Each Defendant failed to intervene to prevent the other Defendants from violating Plaintiff's constitutional rights, and failed to stop unlawful acts.

98. In light of the circumstances confronting them, Defendants' actions were arbitrary and/or conscience shocking and/or objectively unreasonable.

99. Plaintiff had committed no crime (nor could any of the Defendants have reasonably believed Plaintiff had committed any crime) that would legally justify arrest or detention. Plaintiff gave the officers no reason to fear for their safety. Plaintiff was obviously unarmed, and Plaintiff was not resisting arrest or fleeing.

100. Defendants did not have a legally valid basis to seize Plaintiff in the manner and with the level of force used under the circumstances presented.

101. Defendants recklessly created the situation in which they used force.

102.   At the time when Defendants used excessive force against Plaintiff, Plaintiff had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure from unreasonable seizure through excessive force.  Any reasonable law enforcement officer knew or should have known of this clearly established right.

103.   The customs, policies, and practice of Defendants, of directing, ordering, and enforcing the unlawful emergency curfew and dispersal of people peacefully observing an assembly, or exercising their right to freedom of speech, association, or assembly, is unreasonable and unjustified, and violated the Plaintiff's constitutional rights.

104.   Defendants engaged in these actions intentionally, willfully, maliciously, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's constitutionally protected rights.

105.   Defendants' use of force against Plaintiff was unjustified, excessive, and unreasonable.

106.   By using excessive force, Defendants violated the Plaintiff's right to privacy and bodily integrity protected by the Fourth and Fourteenth Amendments.

107.   At all times herein, Plaintiff Radke did not harm anyone, and was not an imminent threat, nor any kind of threat to anyone or anything.

108.   Plaintiff was not engaged in the commission of any crime for which the officers of any law enforcement agencies, including the Wauwatosa Police Department, were attempting to stop.

109.   Defendant City of Wauwatosa has a custom, policy, or practice of tolerating violations of the Fourth Amendment of the United States Constitution.

110. The actions of Defendants were authorized (before and during the fact), and ratified (after the fact), by final policymakers for Defendant City of Wauwatosa, including Defendants Dennis McBride, Barry Weber, Luke Vetter, Shane Wrucke, and Chris McAtee.

111. Defendant City of Wauwatosa's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

112. Defendants City of Wauwatosa and/or Dennis McBride and/or Barry Weber and/or Luke Vetter and/or Shane Wrucke and/or Chris McAtee failed to properly supervise and/or train its officers or the officers of associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

113. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries, damages, and losses.

114. Plaintiff has sustained the following injuries, damages, and losses, among others:

 a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

 b. Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

 c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

 d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

 e. Deprivation of civil liberties and constitutional rights;

 f. Medical and pharmaceutical expenses, as well as lost wages, past and future;

22

g. and non-economic damages, economic damages, and other compensatory and special damages.

115. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

116. Defendants, in implementing the customs, policies, and practice of ordering the emergency curfew and forceful dispersal of people peacefully observing or exercising their right to freedom of speech, association, and assembly, places the Plaintiff at continuing and foreseeable risk of being arrested, or otherwise harmed, for exercising her First Amendment right to freedom of speech, association, and assembly; First Amendment right to be free from retaliation; Fourth Amendment and Fourteenth Amendment right against the use of excessive force; and Fourteenth Amendment right to due process.

## COUNT 4
## 42 U.S.C. § 1983
### Fourteenth Amendment Violation — Excessive Force

117. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

118. At all times relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as officers of the City of Wauwatosa, Wauwatosa Police Department, or other associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

119. Defendants are "persons" under 42 U.S.C. § 1983.

120. Plaintiff had a protected Fourteenth Amendment Substantive Due Process interest against being unreasonably harmed by the use of excessive force at the hands of law enforcement personnel.

121. Defendants did not have, at any time, a legally valid basis to use force against Plaintiff.

122. Defendants' use of force was extremely disproportionate.

123. Defendants acted with malice and/or excessive zeal amounting to an abuse of power.

124. Defendants acted for the purpose of causing harm unrelated and unnecessary to any relevant policing objective.

125. In light of the circumstances confronting them, Defendants' actions were arbitrary and/or conscience shocking and/or objectively unreasonable.

126. Defendants failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights, and failed to stop unlawful acts.

127. Defendants engaged in these actions intentionally, willfully, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's constitutionally protected rights.

128. Defendants' use of force against Plaintiff was unjustified, excessive, and unreasonable.

129. By using excessive force, Defendants violated the Plaintiff's right to privacy and bodily integrity protected by the Fourth and Fourteenth Amendments.

130. Defendant City of Wauwatosa has a custom, policy, or practice of tolerating violations of the Fourteenth Amendment of the United States Constitution.

131. At the time when Defendants used excessive force against Plaintiff, Plaintiff had a clearly established constitutional right under the Fourteenth Amendment to the United States

Constitution to be secure from excessive force. Any reasonable law enforcement officer knew or should have known of this clearly established right.

132. The customs, policies, and practice of Defendants, of directing, ordering, and enforcing the unlawful emergency curfew and dispersal of people peacefully observing an assembly, or exercising their right to freedom of speech, association, or assembly, is unreasonable and unjustified, and violated the Plaintiff's constitutional rights.

133. The actions of Defendants were authorized (before and during the fact), and ratified (after the fact), by final policymakers for Defendant City of Wauwatosa, including Defendants Dennis McBride, Barry Weber, Luke Vetter, Shane Wrucke, and Chris McAtee.

134. Defendant City of Wauwatosa's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

135. Defendants City of Wauwatosa and/or Dennis McBride and/or Barry Weber and/or Luke Vetter and/or Shane Wrucke and/or Chris McAtee failed to properly supervise and/or train its officers or the officers of associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

136. Defendants decided to corral the demonstrators by herding or "kettling" them, which decision deprived the Plaintiff of her constitutional rights.

137. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries, damages, and losses.

138. Plaintiff has sustained the following injuries, damages, and losses, among others:

   a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

25

b.  Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

c.  Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

d.  Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

e.  Deprivation of civil liberties and constitutional rights;

f.  Medical and pharmaceutical expenses, as well as lost wages, past and future;

g.  and non-economic damages, economic damages, and other compensatory and special damages.

139.  Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

140.  Defendants, in implementing the customs, policies, and practice of ordering the emergency curfew and forceful dispersal of people peacefully observing or exercising their right to freedom of speech, association, and assembly, places the Plaintiff at continuing and foreseeable risk of being arrested, or otherwise harmed, for exercising her First Amendment right to freedom of speech, association, and assembly; First Amendment right to be free from retaliation; Fourth Amendment and Fourteenth Amendment right against the use of excessive force; and Fourteenth Amendment right to due process.

**COUNT 5**
**42 U.S.C. § 1983**
**Fourteenth Amendment Violation — Due Process**

141.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

142.  At all times relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as officers of the City of Wauwatosa, Wauwatosa Police Department, or other associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

143.  Defendants are "persons" under 42 U.S.C. § 1983.

144.  The orders issued by Defendants, and the authority on which those orders were based, were vague and not clearly defined.

145.  The orders issued by Defendants, and the authority on which those orders were based, offered no clear and measurable standard by which Plaintiff and others could act lawfully.

146.  Defendants lacked legal authority to order the dispersal of Plaintiff and, thereby, there were no explicit standards to govern the order of dispersal or limits on law enforcement's authority to order dispersal.

147.  Defendants failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights, and failed to stop unlawful acts.

148.  The orders issued by Defendants, and the authority on which those orders were based, failed to provide people of ordinary intelligence a reasonable opportunity to understand what conduct they prohibited, and authorized or encouraged arbitrary and discriminatory enforcement, or both.

149.  At the time when Defendants violated Plaintiff's due process rights, Plaintiff had a clearly established constitutional right under the Fourteenth Amendment to the United States

Constitution to be afforded due process of law. Any reasonable law enforcement officer knew or should have known of this clearly established right.

150. The customs, policies, and practice of Defendants, of directing, ordering, and enforcing the unlawful emergency curfew and dispersal of people peacefully observing an assembly, or exercising their right to freedom of speech, association, or assembly, is unreasonable and unjustified, and violated the Plaintiff's constitutional rights.

151. Defendants engaged in these actions intentionally, willfully, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's constitutionally protected rights.

152. Defendant City of Wauwatosa has a custom, policy, or practice of tolerating violations of the Fourteenth Amendment of the United States Constitution.

153. The actions of Defendants were authorized (before and during the fact), and ratified (after the fact), by final policymakers for Defendant City of Wauwatosa, including Defendants Dennis McBride, Barry Weber, Luke Vetter, Shane Wrucke, and Chris McAtee.

154. Defendant City of Wauwatosa's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

155. Defendants City of Wauwatosa and/or Dennis McBride and/or Barry Weber and/or Luke Vetter and/or Shane Wrucke and/or Chris McAtee failed to properly supervise and/or train its officers or the officers of associated law enforcement agencies providing assistance to the Wauwatosa Police Department under agreements for mutual aid.

156. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries, damages, and losses.

157. Plaintiff has sustained the following injuries, damages, and losses, among others:

   a. Physical injuries to her eyes, mouth, throat and lungs, as a result of the Defendants' use of chemical agents against her body;

   b. Physical injuries to her right ankle and foot, as a result of the Defendants' use of "less than lethal" munitions against her body;

   c. Emotional and psychological injury, including but not limited to post-traumatic stress and anxiety;

   d. Pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;

   e. Deprivation of civil liberties and constitutional rights;

   f. Medical and pharmaceutical expenses, as well as lost wages, past and future;

   g. and non-economic damages, economic damages, and other compensatory and special damages.

158. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

159. Defendants, in implementing the customs, policies, and practice of ordering the emergency curfew and forceful dispersal of people peacefully observing or exercising their right to freedom of speech, association, and assembly, places the Plaintiff at continuing and foreseeable risk of being arrested, or otherwise harmed, for exercising her First Amendment right to freedom of speech, association, and assembly; First Amendment right to be free from retaliation; Fourth Amendment and Fourteenth Amendment right against the use of excessive force; and Fourteenth Amendment right to due process.

## COUNT 6
## 42 U.S.C. § 1983
## Punitive Damages

160.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth

herein.

161.    The conduct of the Defendants, including Defendants Vaye, McBride, Weber, Vetter,

Wrucke, McAtee, and John Does 1-10, was motivated by evil motive or intent, and involved

the reckless or callous indifference to federally protected rights of the Plaintiff, who was

subjected to chemical agents and "less than lethal" munitions despite being peacefully

protesting and no threat to officers or others.

162.    The conduct of the Defendants was outrageous, reprehensible, intentional, and malicious,

and caused significant physical and emotional damages that the Plaintiff continues to suffer

from and will continue to suffer from.

163.    Defendants should be punished for their conduct, and Defendants and others deterred

from similar extreme conduct in the future.

164.    Plaintiff is entitled to the maximum award of punitive damages allowed by law.

## RELIEF REQUESTED

WHEREFORE, The Plaintiff respectfully demands relief, jointly and severally against all

Defendants, as follows:

a.    Compensatory damages for the physical, emotional, and economic injuries suffered

by the Plaintiff by reason of the Defendants' unconstitutional, unjustified, excessive,

and unreasonable actions and policies, in an amount fair, just, and reasonable and in

conformity with the evidence at trial;

b.    Punitive and exemplary damages to the extent allowable by law;

c. Attorneys fees and costs as allowed, pursuant to 42 U.S.C. §1988; and

d. Such other and further relief as appears just and proper.

Dated this 30th day of July, 2021

SPERLING LAW OFFICES LLC

Attorneys for Plaintiff


*/s/ Michael S. Sperling*
*/s/ Patrick D. Bomhack*

Michael S. Sperling
State Bar ID #1005133
msperling@milwaukeelawfirm.com

P.O. Address:

Patrick D. Bomhack
State Bar ID # 1087305
pbomhack@milwaukeelawfirm.com

100 E. Wisconsin Avenue
Suite 1020
Milwaukee, WI 53202
Tel: (414) 273-7100
Fax: (414) 276-9022