PAIGE RADKE,

    Plaintiff,

       v.                                                                          Case No. 21-CV-00247

CITY OF WAUWATOSA, et al.

    Defendants.
_____

**PLAINTIFF'S RESPONSES TO DEFENDANTS' PROPOSED FINDINGS OF FACT IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**
_____

       Plaintiff, Paige Radke, by her attorneys, Sperling Law Offices LLC, responds to the defendants' Proposed Findings of Fact in Support of their Motion for Summary Judgment as follows:

**The Parties**

    1.    Plaintiff, Paige Radke, is a resident of the City of Milwaukee, Milwaukee County, Wisconsin. (Dkt. 17, ¶ 9)

    **RESPONSE: Plaintiff agrees.**

    2.    Defendant City of Wauwatosa is a municipal corporation organized under the laws of the State of Wisconsin. (Dkt. 17, ¶ 10)

    **RESPONSE: Plaintiff agrees.**

    3.    Defendant West Allis is a municipal corporation organized under the laws of the State of Wisconsin. (Dkt. 17, ¶ 11)

    **RESPONSE: Plaintiff agrees.**

4. At all relevant times, Defendant Jacob Kaye was a City of West Allis, Wisconsin Police Officer. (Declaration of Kyle R. Moore [hereinafter "Moore Decl."] ¶ 2, Ex. A, Deposition of Jacob Kaye taken October 15, 2021 [hereinafter "Kaye Dep."] p. 10)

**RESPONSE: Upon information and belief, plaintiff agrees.**

5. At all relevant times, Defendant Dennis McBride was the City of Wauwatosa, Wisconsin Mayor. (Declaration of Dennis R. McBride [hereinafter "McBride Decl."] ¶ 1)

**RESPONSE: Plaintiff agrees.**

6. At all relevant times, Defendant Barry Webber was the City of Wauwatosa, Wisconsin Police Chief. (Moore Decl. ¶ 3, Ex. B, Deposition of Chris McAtee taken June 23, 2021 [hereinafter "McAtee Dep."] p. 21)

**RESPONSE: Plaintiff agrees.**

7. At all relevant times, Defendant Luke Vetter was a City of Wauwatosa, Wisconsin Police Captain. (McAtee Dep. p. 22)

**RESPONSE: Plaintiff agrees.**

8. At all relevant times, Defendant Shane Wrucke was a City of Wauwatosa, Wisconsin Police Lieutenant. (McAtee Dep. p. 21)

**RESPONSE: Plaintiff agrees.**

9. At all relevant times, Defendant Chris McAtee was a City of Wauwatosa, Wisconsin Police Sergeant. (McAtee Dep. p. 12)

**RESPONSE: Plaintiff agrees.**

**Jurisdiction and Venue**

10. This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. The Court has jurisdiction over Radke's federal claims pursuant to 28 U.S.C. §§ 1331(a) and 1343. (Dkt. 17, ¶ 6)

**RESPONSE: Plaintiff agrees.**

11. The Eastern District of Wisconsin is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) because it is where all acts alleged in the Complaint occurred. (Dkt. 17, ¶ 7)

**RESPONSE: Plaintiff agrees.**

**September 30, 2020 Proclamation of Emergency**

12. On September 30, 2020, the City issued a Proclamation of Emergency based upon protests concerning the employment of Officer Joseph Mensah by the Wauwatosa Police Department and upon community response to decisions and actions regarding police officers nationwide. (McBride Decl. ¶ 2; Ex. A)

**RESPONSE: Plaintiff contends that Mayor McBride unilaterally issued a Proclamation of Emergency. Plaintiff further contends that said Proclamation of Emergency was improperly enacted and not ratified by the Wauwatosa Common Council. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

13. At that time, the City had been informed that on October 7, 2020, the Milwaukee County District Attorney would release his findings in the matter of the investigation of Officer Joseph Mensah regarding the killing of Alvin Cole in the City of Wauwatosa in February 2020. (McBride Decl. ¶ 2; Ex. A)

**RESPONSE: Plaintiff is unaware of what the city had been informed of and when.**

14. The nation at large was facing civil unrest concerning officer involved shootings and in August 2020, Kenosha County faced civil unrest stemming from an officer involved shooting that resulted in businesses being burned to the ground, and the shooting death of two protesters. (McBride Decl. ¶¶ 2, 5; Ex. A)

**RESPONSE: Plaintiff agrees that two protesters were shot in Kenosha and that protests there resulted in property damage, but the plaintiff disagrees with the characterization that "[t]he nation at large was facing civil unrest." On the night of the incident in question the plaintiff was engaged, along with others, in peaceful protest regarding police abuse. At no time during the protest did plaintiff engage in disruptive, violent or disruptive behavior. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

15. The Proclamation of Emergency states "in order to protect the systems and services described above, including the safety of persons and property, it will be necessary to remove traffic and pedestrians from Wauwatosa streets, limit the supply of flammable materials, reduce access to certain facilities, preserve resources for expected responses and protect the safety of public employees in the most expedient manner possible to reduce safety risks related to such activity and to protect persons and property in Wauwatosa."

    The Proclamation of Emergency stated:

> "WHEREAS, it is in the City of Wauwatosa's best interest to enact a curfew by which pedestrian and vehicular traffic on Wauwatosa streets – except for persons who are going to or form work and government officials, social service workers, and credentialed members of the press acting in their official capacities – is prohibited between the hours of 7:00 p.m. and 6:00 a.m. each night beginning at 7:00 p.m. on October 7, 2020, and ending at 6:00 a.m. on October 12, 2020."

(McBride Decl. ¶ 2; Ex. A)

4

**RESPONSE: Plaintiff agrees that is what the Proclamation of Emergency states – the document speaks for itself, but plaintiff contends that said Proclamation of Emergency was improperly enacted and not ratified by the Wauwatosa Common Council. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

16. The main purpose of instituting the curfew was to prevent such disasters from happening in Wauwatosa, Wisconsin. (McBride Decl. ¶¶ 2, 5; Ex. A)

**RESPONSE: Plaintiff concedes that the Proclamation of Emergency states what it states – the document speaks for itself, but plaintiff disagrees as to the purpose of the curfew. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

17. The Emergency Curfew sought to protect persons and property, and systems and services, such as transportation, health, police and other critical systems in Wauwatosa. (McBride Decl. ¶ 2, 5, 6; Ex. A)

**RESPONSE: Plaintiff concedes that the Proclamation of Emergency states what it states – the document speaks for itself, but plaintiff disagrees as to the purpose of the curfew. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

18. Dennis R. McBride, Mayor of the City of Wauwatosa, under the authority granted to him by Sections 323.11 and 323.14(4)(b) of the Wisconsin Statutes, declared that the above conditions will be likely to give rise to and create an imminent threat of a riot or civil unrest which will impair transportation, fire, health, and police protection and operation of other critical systems and will thereby create a state of emergency in Wauwatosa, and that the proclamation of an

5

emergency is necessary and expedient for the health, safety, and protection of people and property in Wauwatosa. (McBride Decl. ¶ 2-3; Ex. A)

**RESPONSE: Plaintiff disagrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

19. Dennis R. McBride declared that the above-described actions necessary during this state of emergency to protect people and property within Wauwatosa were ordered to be implemented as described above. (McBride Decl. ¶ 2-3; Ex. A)

**RESPONSE: Plaintiff disagrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

20. The Proclamation also stated that "this proclamation of an emergency shall extend from October 7, 2020, at 12:00 noon until at 6:00 a.m. on October 12, 2020, and shall be subject to ratification, alteration, modification, or repeal by the Wauwatosa Common Council as soon as that Council can meet." (McBride Decl. ¶ 2, 10; Ex. A)

**RESPONSE: Plaintiff agrees that the Proclamation of Emergency states what it states – the document speaks for itself, but plaintiff disagrees as to the purpose of the curfew and contends that said Proclamation of Emergency was improperly enacted and not ratified by the Wauwatosa Common Council. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

21. The Proclamation's language demonstrates that the City and McBride had no intent to selectively enforce the curfew to prohibit First Amendment activities based on a person's race, the content of his or her speech, or any other factor. (McBride Dec. ¶ 7, Ex. A)

**RESPONSE: Plaintiff disagrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

22. Protests of all types were allowed between 6:00 a.m. and 7:00 p.m. on all days in which the curfew was in effect. (McBride Decl. ¶ 7)

**RESPONSE: Plaintiff lacks information to agree or disagree. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

### Radke Violates the Curfew

23. Radke concedes that on October 9, 2020 at 7:45 p.m., she protested on Wauwatosa City streets outside of Wauwatosa City Hall. (Dkt. 17, ¶¶ 23-24)

**RESPONSE: Plaintiff agrees that she peacefully protested on October 9, 2020. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

24. Law Enforcement personnel at Wauwatosa City Hall made multiple unlawful assembly announcements pursuant to the emergency curfew and ordered that the crowd disperse. (McAtee Dep. pp. 123:21-25; 124:1-2)

**RESPONSE: Plaintiff is unaware of such announcements. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

7

25. The Proclamation provided that "pedestrian and vehicular traffic on Wauwatosa streets – except for persons who are going to or from work and government officials, social service workers, and credentialed members of the press acting in their official capacities – is prohibited between the hours of 7:00 p.m. and 6:00 a.m. each night beginning at 7:00 p.m. on October 7, 2020, and ending at 6:00 a.m. on October 12, 2020." (McBride Decl. ¶ 2, Ex. A)

**RESPONSE: Plaintiff agrees that the Proclamation of Emergency states what it states – the document speaks for itself, but plaintiff contends that said Proclamation of Emergency was improperly enacted and not ratified by the Wauwatosa Common Council. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

26. The crowd of people on Wauwatosa city streets outside of Wauwatosa City Hall did not disperse. (Kaye Dep. p. 48:24-25)

**RESPONSE: Plaintiff disagrees. This proposed finding of fact I vague as to time. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

27. The crowd threw water bottles, flashed strobe lights, and pointed lasers at law enforcement personnel. (Kaye Dep. pp. 48:24-25; 51:13-19)

**RESPONSE: Plaintiff is unaware of such behavior/activities. Plaintiff personally engaged in no such behavior. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

28. By protesting on Wauwatosa City Streets on October 9, 2020 at 7:45 p.m., Radke was in violation of the curfew. (Dkt. 17, ¶¶ 24; McBride Decl. ¶ 2, Ex. A)

8

Case 2:21-cv-00247-LA   Filed 04/04/22   Page 8 of 17   Document 37

**RESPONSE: Plaintiff disagrees. Plaintiff further contends that said Proclamation of Emergency was improperly enacted and not ratified by the Wauwatosa Common Council. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

29. Radke was not arrested on October 9, 2020. (Dkt. 17)

**RESPONSE: Plaintiff agrees.**

30. Radke did not have any contact or communication with any of the Defendant Officers. (Dkt. 17)

**RESPONSE: Plaintiff can neither agree nor disagree, as she is unaware of the identities of the police officers who were at the incident scene. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

**Defendant Involvement in the October 9, 2020 Civil Unrest Response**

**Mayor Dennis McBride**

31. McBride has never met Radke or had any contact with her at any time. (McBride Decl. ¶ 9)

**RESPONSE: Upon information and belief, plaintiff agrees.**

32. McBride was not present during any incident Radke alleges in her Complaint. (McBride Decl. ¶ 9)

**RESPONSE: Plaintiff can neither agree nor disagree, as she is unaware of the identities of the police officers and others who were at the incident scene. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

33. McBride did not instruct any law enforcement officer to selectively apply the content-neutral curfew. (McBride Decl. ¶ 8)

**RESPONSE: Plaintiff disagrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

34. McBride did not communicate in any way with any law enforcement officer about selectively applying the content-neutral curfew. (McBride Decl. ¶ 8)

**RESPONSE: Plaintiff can neither agree nor disagree, as she is unaware of how McBride may or may not have communicated with law enforcement. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

35. McBride is not aware of any evidence that the curfew was selectively enforced based on race, content of speech, or any other factor. (McBride Decl. ¶ 8)

**RESPONSE: Plaintiff disagrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

### Police Chief Barry Weber

36. Chief Weber was not at Wauwatosa City Hall on October 9, 2020 or involved in authorizing the use of less lethal munition. (McAtee Dep. p. 70:17-19)

**RESPONSE: Plaintiff can neither agree nor disagree. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

**Lieutenant Shane Wrucke**

37. On October 9, 2020, Lieutenant Wrucke was the Wauwatosa Police Department's tactical commander stationed at the Command Center located at the City of Wauwatosa's Department of Public Works at 11100 W. Walnut Rd., Wauwatosa, Wisconsin. (Moore Decl. ¶ 4, Deposition of Shane Wruke taken June 23, 2021 [hereinafter "Wrucke Dep."] at p. 52)

**RESPONSE: Upon information and belief, plaintiff agrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

38. Lt. Wrucke observed the protests from drone footage. (Wrucke Dep. p. 41:24-25)

**RESPONSE: Upon information and belief, plaintiff agrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

39. During the protests, crowd members threw bottles at the law enforcement officers. (Wrucke Dep. pp. 55, 57-58, 61)

**RESPONSE: Plaintiff is unaware of such behavior/activities. Plaintiff personally engaged in no such behavior. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

40. Lt. Wrucke did not deploy any less than lethal munition or chemical agents on October 9, 2020. (Wrucke Dep. 52)

**RESPONSE: Plaintiff contends that Wrucke authorized/ordered the deployment of munitions and chemical agents. See plaintiff's memorandum in opposition to defendants'**

**motion for summary judgment and the supporting documents filed in connection with the same.**

41. Lt. Wrucke has never met Radke and was not aware that Radke was in the crowd. Wrucke did not see Radke get hit with anything. (Wrucke Dep. pp. 77: 1-7; 79:1-3)

**RESPONSE: Plaintiff can neither agree or disagree. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

42. There were well over a hundred law enforcement officers from various municipalities, along with nation guardsmen, at the protest. (Wrucke Dep. pp. 26: 23-25; 47: 5-9; McAtee Dep. p. 26)

**RESPONSE: Plaintiff generally agrees but is unaware of specific numbers. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

**Sergeant Chris McAtee**

43. Sgt. McAtee was the crowd control commander on October 9, 2020. (McAtee Dep. 22: 14)

**RESPONSE: Upon information and belief, plaintiff agrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

44. Sgt. McAtee was at the Command Center with Lieutenant Wrucke on October 9, 2020. (McAtee Dep. p. 27:12-14)

**RESPONSE: Upon information and belief, plaintiff agrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

45. Sgt. McAtee observed live drone footage of the crowd and used the drones to direct the crowd control elements of the protests. (McAtee Dep. 47:11-14; 48:10-11)

**RESPONSE: Upon information and belief, plaintiff agrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

46. The protestors were throwing bottles and other objects at law enforcement personnel, who were at risk of substantial bodily harm or even death. (McAtee Dep. pp. 69: 11-16; 104: 3-6)

**RESPONSE: Plaintiff is unaware of such behavior/activities. Plaintiff personally engaged in no such behavior. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

47. Sgt. McAtee radioed incident command and requested permission to release gas because the crowd was throwing bottles and other projectiles. Incident command gave crowd control permission to deploy less than lethal munition. (McAtee Dep. p. 104: 3-6)

**RESPONSE: : Plaintiff contends that McAtee authorized/ordered the deployment of munitions and chemical agents. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

48. Chief Weber was not involved in that decision. (McAtee Dep. p. 70:17-19)

**RESPONSE: :  Plaintiff contends that Weber authorized/ordered the deployment of munitions and chemical agents. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

49. Crowd control dispersed gas because officers were being attacked by the crowd with bottles and other objects being thrown at them. (McAtee Dep. p. 104:3-6)

**RESPONSE: Plaintiff agrees officers deployed gas and other munitions but is unaware of such behavior/activities by the crowd. Plaintiff personally engaged in no such behavior. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

50. Sgt. McAtee has never met Radke and was not aware that Radke was in the crowd. Sgt. McAtee did not know where she was located during the October 9, 2020 protest. (McAtee Dep. pp. 79:23-25; 80:1-10)

**RESPONSE: Plaintiff can neither agree or disagree. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

51. Sgt, McAtee did not deploy any less lethal munition or gas. (McAtee Dep. pp. 79:23-25; 80:1-10)

**RESPONSE: Plaintiff contends that McAtee authorized/ordered the deployment of munitions and chemical agents. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

52. Sgt. McAtee did not see Radke get hit with anything. (McAtee Dep. p. 80:10)

14

Case 2:21-cv-00247-LA   Filed 04/04/22   Page 14 of 17   Document 37

**RESPONSE: Plaintiff can neither agree or disagree. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

### Captain Luke Vetter

53. Captain Luke Vetter was the operations captain and in charge of the patrol division. (McAtee Dep. p. 14:7-9)

**RESPONSE: Upon information and belief, plaintiff agrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

54. Captain Vetter was at the incident command post during the October 9, 2020 protest and not at Wauwatosa City Hall. (McAtee Dep. p. 45:24-25)

**RESPONSE: Upon information and belief, plaintiff agrees. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

55. On October 9, 2020 at or around 8:00 p.m., Captain Vetter received a radio transmission request from Sgt. McAtee to authorize the deployment of gas due to the crowd throwing projectiles and other objects at law enforcement. (McAtee Dep. p. 10:3-6)

**RESPONSE: Plaintiff contends that Vetter authorized/ordered the deployment of munitions and chemical agents. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

56. Captain Vetter confirmed that field units were authorized to release gas. (McAtee Dep. p. 10:3-6)

**RESPONSE: Plaintiff agrees that McAtee authorized/ordered the deployment of munitions and chemical agents. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

57. Captain Vetter did not deploy any less lethal munition or gas at Radke. (McAtee Dep. p. 10:3-6)

**RESPONSE: Plaintiff contends that Vetter authorized/ordered the deployment of munitions and chemical agents. See plaintiff's memorandum in opposition to defendants' motion for summary judgment and the supporting documents filed in connection with the same.**

**Officer Jacob Kaye**

58. On October 9, 2020, Officer Jacob Kaye was a member of the West Allis Police Department SWAT team deployed to Wauwatosa City Hall. (Kaye Dep. p. 43)

**RESPONSE: Upon information and belief, plaintiff agrees.**

59. Officer Kaye did not discharge any item that hit Radke. (Kaye Dep. p. 66:15-22)

**RESPONSE: The officer who discharged the munition that struck plaintiff remains unknown.**

Dated at Milwaukee, Wisconsin this 4th day of April, 2022.

SPERLING LAW OFFICES LLC
Attorneys for the Plaintiff

*Electronically signed by Kevin M. Henderson*
Kevin M. Henderson
State Bar No.:  1064339
henderson@milwaukeelawfirm.com

100 East Wisconsin Avenue, Suite 1020
Milwaukee, Wisconsin  53202
T:  (414) 273-7100
F:  (414) 273-9022